61 P.3d 616

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John Trenton SIBLEY, Defendant–Appellant.**

**No. 27612.**

Court of Appeals of Idaho.

Sept. 23, 2002.

Rehearing Denied Jan. 17, 2003.

---

Wiebe & Fouser, Canyon County Public Defender; Thomas A. Sullivan, Deputy Public Defender, Caldwell, for appellant. Thomas A. Sullivan argued.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

PERRY, Chief Judge.

John Trenton Sibley appeals from his judgment of conviction and sentence entered after a jury found him guilty of felony vehicular manslaughter. We affirm.

## I.

### FACTS AND PROCEDURE

On April 28, 1999, Sibley was driving a Ford pickup on a rural road. Sibley failed to obey a stop sign at an intersection and hit an Isuzu Rodeo driven by Rebecca Agee. Sibley's pickup impacted the front passenger side of the Isuzu, killing the driver's eight-year-old daughter. Sibley and his passenger received minor injuries, as did the driver and her other daughter—also a passenger in the Isuzu at the time of the accident.

Officers responding to the scene found Sibley unconscious in the front seat of the pickup. Officers interviewed Sibley's passenger, who told police that he saw the stop sign and yelled out Sibley's name when he realized that Sibley was not going to stop. Sibley was interviewed the next day and told an officer that he could not remember the accident or the circumstances immediately preceding it.

Sibley was charged with felony vehicular manslaughter. I.C. § 18–4006(3)(a). After being bound over to district court by a magistrate following a preliminary hearing, Sibley filed a motion to dismiss. Sibley contended that the criminal charges against him should be reduced to a misdemeanor because there was insufficient evidence to demonstrate as a matter of law that he was guilty of gross negligence. He also asserted that the evidence presented at the preliminary hearing was insufficient to bind him over to district court. The district court heard oral argument on the motion and denied it. A jury trial was held and, at the conclusion of the state's case, Sibley renewed the issues raised in his motion to dismiss in the form of a motion to acquit pursuant to I.C.R. 29. The district court denied the motion. At the conclusion of the evidence, Sibley requested that the district court give a modified version of Idaho Criminal Jury Instruction (ICJI) 342, which defined gross negligence. The district court denied the motion and gave an unmodified version of the instruction. The jury found Sibley guilty, and the district court imposed a unified sentence of seven years, with three years fixed, and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended Sibley's sentence and placed him on probation for a period of five years. Approximately four months after being placed on probation, a report of probation violation was filed. Sibley admitted to violating his probation, and the district court revoked probation and ordered Sibley's original sentence into execution.

Sibley failed to file a timely notice of appeal from the judgment of conviction, but did file an application for post-conviction relief, asserting ineffective assistance of counsel in failing to file the appeal. The district court granted Sibley's petition and ordered that Sibley's right to appeal be reinstated.

On appeal, Sibley argues that the district court abused its discretion when it denied Sibley's motion to dismiss and motion to acquit, that the district court erred when it refused to give Sibley's requested jury instruction, and that the sentence Sibley received was excessive.

## II.

### ANALYSIS

### A. Motion to Dismiss and Acquit

Sibley concedes that the facts of this case are not in dispute. His argument on appeal is that the facts demonstrate a case of ordinary negligence because the accident was caused by a single act of inadvertence and inattention. Sibley asserts that the state did not prove he acted deliberately and therefore

did not make a prima facie case for gross negligence—a required element under I.C. § 18–4006(3)(a).

■ Under *State v. Maylett*, 108 Idaho 671, 672, 701 P.2d 291, 292 (Ct.App.1985), this Court's review of the preliminary hearing evidence on Sibley's motion to dismiss is limited. Any defects in the preliminary hearing process will not be reviewed on appeal where the defendant has been found guilty following a fair trial on the merits. *Id.*

With the exception of the questions next discussed in this opinion, Sibley has not raised any issue to suggest that he did not receive a fair trial. Because we hold against Sibley on the following questions, we conclude that Sibley received a fair trial. Therefore, we decline to examine the sufficiency of the evidence presented at Sibley's preliminary hearing as the basis for his motion to dismiss.

■ A motion for judgment of acquittal under I.C.R. 29 may be brought by the defendant if the evidence is insufficient to sustain a conviction of the challenged offense. Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991). This Court will not substitute its view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, the Court will consider the evidence in the light most favorable to the prosecution. *Herrera–Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

In this case, Sibley was charged with vehicular manslaughter under I.C. § 18–4006(3)(a), which provides:

Manslaughter is the unlawful killing of a human being, without malice. It is of three (3) kinds:

. . .

3. Vehicular—in which the operation of a motor vehicle is a significant cause contributing to the death because of:

(a) the commission of an unlawful act, not amounting to a felony, with gross negligence.

The vehicular manslaughter statute does not define the term "gross negligence." The district court interpreted the term in accordance with the Idaho Criminal Jury Instruction 342, which states: "Gross negligence means such negligence as amounts to a wanton, flagrant or reckless disregard of consequences or willful indifference of the safety or rights of others."

Sibley argues that the district court erred in denying his motion to acquit because there was insufficient evidence presented at trial for a jury to find that his act of running the stop sign amounted to a wanton, flagrant or reckless disregard of consequences or willful indifference to the safety of others. Testimony was presented at trial that there was nothing obstructing Sibley's view of the intersection and the stop sign and that there was a warning sign approximately 500 feet before the intersection indicating that there was a stop sign ahead. The testimony also indicated that the stop-ahead sign and stop sign were visible approximately 1400 feet before the intersection. Officers testified that despite the presence of these factors, which would indicate that Sibley had approximately 19 seconds between the time he would have first seen the signs and the time he arrived at the intersection, Sibley did not attempt to brake prior to the collision.

A witness driving the vehicle directly behind the Isuzu testified that she did not see Sibley slow at all prior to the collision. Sibley's passenger testified that the men were not talking or listening to the radio prior to the accident, but instead silently smoking cigarettes. The passenger stated that the

intersection was clear and there was nothing blocking the stop sign at the time of the accident. The passenger testified that he had seen the stop sign and yelled at Sibley when he saw the Isuzu approaching the intersection and realized Sibley was not going to stop. Based on the evidence adduced during the trial, there was sufficient evidence for a jury to find that Sibley's running of the stop sign amounted to more than mere inattention, but instead constituted gross negligence. Under these circumstances, Sibley has failed to demonstrate that the district court erred as a matter of law in determining that there was sufficient evidence to support the charge of vehicular manslaughter. Accordingly, the district court's denial of Sibley's motion to acquit is affirmed.

## B. Requested Jury Instruction

Sibley contends that the district court erred when it refused to give his requested jury instruction. The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App.1993).

In this case the district court gave jury instructions defining negligence and gross negligence. Sibley argues that the district court incorrectly defined the element of gross negligence. Sibley asserts that the district court's definition of the term failed to adequately define gross negligence as including an element of intentional careless conduct.

Sibley contends that the district court should have defined gross negligence as it was defined in *Petersen v. Parry*, 92 Idaho 647, 657, 448 P.2d 653, 663 (1968):

[T]he test to be applied is contained in the following modified version of the definition of reckless conduct contained in 2 Restatement, Torts, § 500, as follows:

"To constitute gross negligence within the meaning of the Idaho guest statute [I.C. § 49–1401] the owner or operator must perform an act or intentionally fail to perform an act which it is his duty to perform, knowing or having reason to know of facts which would lead a reasonable, prudent man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent."

. . . .

In applying this definition to the facts of any particular case the court should consider the specifics enumerated and discussed in [*Williamson v. McKenna*, [223 Or. 366,] 354 P.2d 56 (Or.1960) ], i.e.: (1) The defendant must intentionally do the act or intentionally fail to do the act which involved the risk; (2) The defendant's conduct must involve a high degree of probability that harm will result; (3) It is not necessary that defendant actually knows of the risk; (4) Defendant's actual consciousness of the risk, although not necessary to prove reckless conduct, may be a significant factor in establishing his liability; (5) Inadvertent conduct, without more, will not constitute recklessness or gross negligence; and (6) A series or combination of negligent acts may constitute reckless conduct if taken together they indicate the so-called reckless state of mind.

The definition of gross negligence in the *Petersen* case is one that applies in the context of civil cases involving the Idaho guest statute. The proper definition of gross negligence as that term applies in a criminal case is set forth in ICJI 342. The negligence and gross negligence instructions given by the district court mirror the respective Idaho Criminal Jury Instructions defining those terms.

At the time the criminal jury instruction committee drafted the pattern instruction defining gross negligence, the committee cited *State v. Taylor*, 59 Idaho 724, 87 P.2d 454 (1939) as the supporting authority for the instruction. *Taylor* involved a prison warden convicted of failing to keep and pay over public monies that came into his custody as warden of the state penitentiary. *Taylor*

appealed his conviction and asserted as one of his issues that the trial court had improperly instructed the jury on the element of negligence. Taylor contended that the trial court had given the jury an instruction defining civil negligence rather than an instruction defining criminal negligence. The Idaho Supreme Court agreed, stating that "criminal negligence is gross negligence, such negligence as amounts to a wanton, flagrant, or reckless disregard of consequences or willful indifference of the safety or rights of others ... which may be by either or both commission or omission." *Taylor*, 59 Idaho at 735, 87 P.2d at 459.

The Idaho Criminal Jury Instructions were then presented to, and approved by, the Idaho Supreme Court. In the time period since the instructions were adopted by the Idaho Supreme Court, the instruction defining gross negligence has not been modified by the appellate courts of this state.

As noted, the district court gave an instruction, separate from the gross negligence instruction, defining negligence. Therefore, the jury instructions given by the district court, as a whole, fairly and accurately reflected the applicable law. We conclude that no error has been shown by the district court's rejection of Sibley's requested instruction.

## C. Excessive Sentence

■ Sibley contends that his sentence of a unified term of seven years, with three years fixed, is excessive in light of his youth and his lack of prior felony convictions. Sibley again asserts that his act of running the stop sign only constituted simple negligence and that he was made a scapegoat for numerous, earlier collisions that had occurred at similar intersections within the same general area. Sibley directs this Court to several articles and police reports contained in the record of this case indicating that there were other accidents where individuals ran stop signs which left people dead or injured. Sibley contends that it is unfair to put him in prison when none of the other at-fault drivers were convicted of felonies or sent to prison.

■ An appellate review of a sentence is based on an abuse of discretion standard.

*State v. Burdett,* 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct.App.2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1185 (Ct.App.1982).

The decision to charge Sibley with a felony rather than a misdemeanor was a matter of prosecutorial discretion. The facts in this case support the charge. Despite Sibley's claims that he was only guilty of negligence, the jury in this case found otherwise.

In addition, the district court retained jurisdiction in Sibley's case and granted him probation upon completion of his rider. However, within four months of being placed on probation Sibley had committed several probation violations, including driving on a revoked license, inattentive driving, and his termination from an aftercare program due to his negative attitude. It was only at this point that the district court revoked Sibley's probation and ordered his original sentence into execution. Upon review of these facts, this Court concludes that the district court did not abuse its discretion in sentencing Sibley.

## III.

## CONCLUSION

The facts of this case were sufficient to sustain a charge of gross negligence within

the meaning of the vehicular manslaughter statute, and the evidence presented during trial was sufficient for a jury to find Sibley guilty. The district court did not err in refusing to give Sibley's proposed jury instruction defining gross negligence. The district court did not abuse its discretion in sentencing Sibley. For the foregoing reasons the district court's orders denying Sibley's motion to dismiss and motion to acquit are affirmed. Sibley's judgment of conviction and sentence are also affirmed.

Judge LANSING and Judge Pro Tem BURDICK concur.