768 P.2d 807

STATE of Idaho, Plaintiff–Respondent,

v.

John HOCKER, Defendant–Appellant.

No. 16926.

Court of Appeals of Idaho.

Jan. 25, 1989.

Terry S. Ratliff, Mountain Home, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

John Hocker appeals from a judgment of conviction entered after a jury found him guilty of possession of a controlled substance with intent to deliver. Hocker raises three issues: (1) whether the district court erred in admitting into evidence two notebook pages found during a search of Hocker's residence; (2) whether the district court, after dismissing at trial the charge of delivery of a controlled substance, erred in not striking the prior admission into evidence of Hocker's wallet and money contained in the wallet; and (3) whether the district court abused its discretion by not restricting the scope of the state's cross-examination of Hocker.[1] We affirm.

Following a controlled buy of marijuana, Elmore County Sheriff's deputies obtained a search warrant and conducted a search of Hocker's residence. During the search several small bags of marijuana were found, together with drug paraphernalia. Two small spiral notebook pages were found in separate areas of the residence. The pages had names and numbers listed on them. Hocker's wallet was found in a pocket of his shirt hanging in his bedroom. Inside the wallet were two $20 bills and a $5 bill having serial numbers matching the money used in the controlled buy. All the above items were seized for use as evidence against Hocker. We will describe the evidence in more detail as we analyze each of the issues raised in this appeal.

1. In his brief Hocker also challenged the district court's instruction to the jury about the dismissal of the delivery charge. At oral argument counsel for Hocker conceded that if the instruc-

tion was error it was probably harmless. Therefore, we will not discuss that issue in this appeal.

## I

### A

The search warrant limited the officers' search to marijuana, money used in the controlled buy and documents indicating ownership or control of the residence. During the search a notebook page was found under a sofa on a tray containing some marijuana residue. The page listed a few names with numbers adjacent to each name. A similar page was found next to a wooden box containing marijuana and scales; the box was found in the drawer of a table located in the living room of the house. Hocker's motion to suppress the two pages was denied. He argues this ruling was wrong because, first, the pages were outside the scope of the warrant, and second, there was nothing of an incriminating nature about the pages which would be immediately apparent to the officers.

■ It is clear that the pages were not within the scope of items seizable through the warrant. However, other evidence of a crime discovered during a lawful search may be seized if a justification exists for the seizure. *State v. Fowler,* 106 Idaho 3, 674 P.2d 432 (Ct.App.1983). The most common justification, and the one advanced here, is that the items not covered by the warrant were seized while in plain view of the officers. The plain-view doctrine may be applied where the following three elements exist. First, the officers' vantage point must be lawfully gained. Second, the incriminating evidence must be discovered as a by-product of other permissible police activity. Finally, the incriminating nature of the items must be immediately apparent to the officers. *State v. Bussard,* 114 Idaho 781, 760 P.2d 1197 (Ct.App.1988); *State v. Fowler, supra.*

■ The last element is the only one contested here. This element does not require a certainty that the items seized are incriminating. Instead, it requires that the officers reasonably believe that the items are probably related to criminal activity. *State v. Biggs,* 113 Idaho 595, 746 P.2d 1054 (Ct.App.1987). When considered in isolation, the pages may be innocuous.

However, when the pages are viewed in relation to the purpose of the search and the other items of evidence found, an officer reasonably could believe that the pages were incriminating evidence, i.e., a transaction record probably related to the crime of possessing a controlled substance with intent to deliver. Therefore, we hold that the district court did not err in refusing to suppress the pages as evidence.

### B

■ At trial the state offered the notebook pages for admission as evidence that Hocker possessed marijuana with intent to deliver. Hocker objected to their admission, claiming lack of foundation, irrelevance, or if relevant, that the prejudicial impact outweighed any probative value. The district court conditionally admitted them pending admission of other items seized during the search. When other items—bags of marijuana, scales and paraphernalia seized from Hocker's residence— were admitted into evidence, the condition on the admission of the pages was met. Nevertheless, Hocker contends the admission of the pages was error because it was not shown that the pages had any relevancy to the crimes charged or to the defendant. Thus, Hocker urges, the jury was permitted to speculate as to their meaning without supporting proof.

At trial, an officer identified the pages as those seized from Hocker's residence and stated where, in relation to other items seized, they were found. No attempt was made to show that Hocker had written the names and numbers on these sheets. No specific proof was offered to indicate that these sheets were what the state claimed them to be, i.e., records of drug transactions. *See* I.R.E. 901.

The trial court recognized that the foundational evidence for these exhibits was minimal. Although the state did not attempt to prove authorship of the writings, this was not essential to admission of these exhibits. For foundational purposes, the circumstantial evidence was sufficient to show that Hocker had possession and control of these writings. Moreover, as the

judge indicated in ruling on the objection at trial, the close proximity of these handwritten sheets to drugs and paraphernalia permitted an inference that the notations were related to the charged criminal activity. The judge may be correct in so ruling. However, we do not need to decide that question. We believe that if any error was committed, the error was harmless because of the overwhelming evidence presented in this case showing Hocker possessed marijuana with intent to deliver. I.C.R. 52.

## II

At trial, Hocker's wallet and the marked currency found inside were admitted into evidence. At the close of the state's case in chief, Hocker moved to dismiss the delivery charge for lack of evidence. The district court agreed that the state had failed to show the drugs obtained by the state in the controlled buy actually were delivered by Hocker to the purported purchaser. For reasons not explained in the record, the purported purchaser did not testify at the trial. The court granted Hocker's motion to dismiss the delivery charge. Hocker then moved to strike the prior admission of the wallet and money, contending such evidence was not relevant to the charge of possession of a controlled substance with intent to deliver. The district court refused to strike the evidence, determining that the wallet and money would still be relevant to the question of Hocker's intent. Hocker maintains this was error.

Whether the trial court is being asked to admit or to strike evidence, the initial question remains the same: Is the evidence relevant? Evidence that tends to prove the existence of a fact of consequence in the action, and has any tendency to make the existence of that fact more probable than it would be without the evidence, is relevant. I.R.E. 401. All relevant evidence is admissible unless excludable on certain grounds. I.R.E. 402, 403.

A material fact for the jury to determine in this case was Hocker's intent with respect to the marijuana found in his home. Was the marijuana merely Hocker's personal supply, as he testified, or did he have possession with the intent to deliver the marijuana to other users? Any evidence of such intent would be relevant regardless of the fact that insufficient evidence existed to show Hocker actually delivered marijuana. The marked currency found in Hocker's wallet did not directly prove he possessed marijuana with intent to deliver. However, the presence of the money in Hocker's wallet within a short time after its use in a drug transaction was a circumstance indicative of Hocker's intent. The presence of the money had a tendency to prove the existence of an intent to deliver. The money was reasonably and logically connected with the other items of circumstantial evidence found in Hocker's home, including the small bags of marijuana and the scales, all of which tended to show possession of marijuana with intent to deliver. Consequently, the money was relevant evidence and was admissible. Therefore, we find no error in the district court's refusal to strike these items of evidence.

## III

Hocker testified at his trial. On direct examination he explained that the marijuana found in his house was recently purchased by him from an unknown person at a bar and that the marijuana was intended for his personal use. He further explained that the money found in his wallet was received from the person who provided marijuana to the sheriff officers' buyer but the money was in payment of a debt, not payment for the sale of marijuana. On cross-examination the prosecutor explored Hocker's knowledge concerning the value of differing amounts of marijuana, the type and use of materials for handling and packaging marijuana, the use of specific devices —scales and baggies—employed in the processing of marijuana for delivery and Hocker's personal knowledge of the items admitted into evidence that were seized at his residence. Hocker objected to the cross-examination, contending it went beyond the scope of the limited direct examination. The district court overruled the objections. Hocker insists that the court

abused its discretion by not restricting the scope of the cross-examination.

The scope of cross-examination is limited to the subject matter of the direct examination and matters affecting the credibility of the witness. I.R.E. 611. The control of the examination is left to the trial court's discretion. I.R.E. 611; *see also State v. Jesser*, 95 Idaho 43, 501 P.2d 727 (1972). Moreover, where the defendant voluntarily takes the witness stand in his own behalf, he waives his constitutional privilege against self-incrimination with respect to questions related to the subject matter of his testimony. *See State v. White*, 97 Idaho 708, 551 P.2d 1344 (1976); *State v. Jesser, supra; State v. Dunn*, 91 Idaho 870, 434 P.2d 88 (1967). Furthermore, a criminal defendant's credibility is subject to attack on cross-examination with respect to matters which relate to the substantive issues. However, "[t]he giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of his privilege against self-incrimination when examined with respect to matters which relate only to credibility." I.R.E. 608(c).

The subject matter of Hocker's testimony on direct examination was his asserted lack of intent to deliver the marijuana found in his possession. Consequently, on cross-examination the state permissibly challenged Hocker's alleged lack of intent by having him explain the nature of the circumstantial evidence against him. The state also permissibly attacked Hocker's credibility by exposing his knowledge of marijuana values and marijuana delivery techniques and materials, matters which relate to the substantive issue of intent. We find no abuse of the district court's discretion with respect to controlling the scope of the state's cross-examination.

The judgment of conviction is affirmed.

WALTERS, C.J., and BURNETT, J., concur.