873 P.2d 171

STATE of Idaho, Plaintiff–Respondent,

v.

Joseph Antoine WADDLE, Defendant–Appellant.

No. 20569.

Court of Appeals of Idaho.

April 22, 1994.

Alan E. Trimming, Richard D. Toothman, Ada County Deputy Public Defenders, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

LANSING, Judge.

Appellant Joseph Antoine Waddle appeals his April 8, 1993, conviction for robbery, I.C. § 18–6501. He contends on appeal that admission into evidence of a sawed-off shotgun, which was not proven to have been used or even present during the robbery, was prejudicial error. We disagree, and for the reasons stated below, we affirm.

## I. FACTS

On October 6, 1992, at approximately 3:30 p.m., a bearded man wearing jeans, a dark green flannel shirt, a baseball cap, wrap-around sunglasses, cowboy boots and a distinctive belt buckle approached a bank teller at the First Security Bank on State Street in Boise, Idaho. Upon approaching the teller's window, the man demanded that the teller give him all the money in his drawer. The teller, thinking the man was joking, asked what he could really do for the man. The man responded by saying: "I'm not kidding. Give me the money, or I'll blow your f__ing head off." The teller, then realizing the man was serious, obeyed the instructions of the robber, including the explicit instruction not to give him the "dye pack." The teller, however, gave the robber "bait bills" bearing serial numbers that had been recorded by the bank. The teller also triggered a silent alarm and activated the bank's internal security cameras. The robber placed the money inside his shirt and left the bank.

After seeing the surveillance film of the robbery on a television news report, a witness notified police that the man in the film had almost hit her car in a parking lot near the bank. The witness described the suspect's vehicle as a dark red or maroon compact station wagon. Information from other witnesses led law enforcement officials to conclude that Waddle had travelled to Nevada after the robbery, and they alerted Nevada authorities. Two days following the robbery, police officers from Elko, Nevada, with assistance of Boise police, apprehended Waddle at a motel in Wells, Nevada.

In searching Waddle's motel room, police discovered jeans similar to those worn by the robber, a green flannel shirt, a distinctive belt buckle similar to that worn by the robber, and cowboy boots. In addition, the officers discovered $3,205 in cash in the jeans, $1,358 in cash in the purse of Waddle's female companion and additional smaller amounts of cash. The officers recovered all of the bait bills taken in the Boise robbery. A receipt from a Boise motel indicating a check-in date of October 6, 1992, was found in the woman's purse. In Waddle's car, a dark red compact station wagon, the officers discovered dark wrap-around sunglasses and two firearms. One of the firearms was a single barrel 12 gauge shotgun with the barrel sawed off to approximately 18½ inches, and the stock sawed off just below the pistol grip. It was approximately 26 inches in overall length.

At trial, Waddle moved to exclude introduction of the sawed-off shotgun under Idaho Rules of Evidence 401 and 403 on grounds that the shotgun was irrelevant and that its unfair prejudicial impact outweighed any marginal relevance it might bear. The trial court ruled that the shotgun was relevant in that the robber had threatened to shoot the bank teller during the robbery. This, the court reasoned, implied that the robber was armed with a concealed weapon, and the presence of a concealable weapon in the defendant's possession made it slightly more likely that it was Waddle who committed the robbery. The court further concluded that the probative value of the evidence was not substantially outweighed by its prejudicial impact. Waddle was found guilty by the jury. He now appeals the conviction, argu-

ing that the admission of the shotgun into evidence was error.

## II. STANDARD OF REVIEW

 Separate standards of review apply to issues of admissibility of evidence under Idaho Rules of Evidence 401 and 403. We freely review questions of relevancy under I.R.E. 401 because relevancy is a question of law. *State v. Raudebaugh,* 124 Idaho 758, 766, 864 P.2d 596, 604 (1993); *Lubcke v. Boise City,* 124 Idaho 450, 466, 860 P.2d 653, 669 (1993); *State v. Nichols,* 124 Idaho 651, 655, 862 P.2d 343, 347 (Ct.App.1993). On the question of whether the evidence's probative value is substantially outweighed by unfair prejudicial impact, however, we will overturn the trial court's decision only for abuse of discretion. *Nichols, supra; State v. Medrano,* 123 Idaho 114, 118, 844 P.2d 1364, 1368 (Ct.App.1992). Where a matter is committed to the discretion of the trial court, we conduct a three-tiered inquiry on appeal. We consider whether: (1) the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Medrano,* 123 Idaho at 118, 844 P.2d at 1368.

## III. ANALYSIS

 Evidence is relevant if "it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401; *State v. Hocker,* 115 Idaho 544, 768 P.2d 807 (Ct.App.1989). In all criminal cases where the defendant has denied being the perpetrator, proof of the identity of the alleged criminal is a fact of consequence and evidence tending to establish identity is always relevant.

 In *State v. Alger,* 115 Idaho 42, 764 P.2d 119 (Ct.App.1988) we held that the defendant's possession of items which were established to have been used in a robbery was relevant to show the identity of the defendant as the robber. *Id.* at 47, 764 P.2d at

124. In the instant case, Waddle argues that because no weapon was ever seen during the course of the robbery, the shotgun bore no relevance. The state counters by pointing out that the robber in this case made a threat implying that a concealed weapon was present. The state argues that Waddle's possession of this concealable weapon therefore makes it slightly more likely that he was the robber. Although the relevance of the weapon is attenuated, we agree with the state that there is at least slight relevance.

Waddle argues, nonetheless, that even if there was some probative value in the admission of the shotgun, that probative value was substantially outweighed by the gun's prejudicial impact because the state's evidence against him was so overwhelming that admission of the shotgun was completely unnecessary. Waddle's argument is premised on the theory that the stronger the evidence against an accused, the lower or more attenuated the probative value of additional incriminating evidence. Therefore, he urges, any unfair prejudicial impact of that evidence outweighs its probative value.

We addressed a nearly identical argument recently in *State v. Nichols,* 124 Idaho 651, 862 P.2d 343 (Ct.App.1993). There, the defendant argued that in balancing probative value against undue prejudice, the probative value of evidence is inversely proportional to the quantum of other evidence tending to prove the same fact. We acknowledged that this argument bears some logic, but in light of the prosecution's burden of proving guilt beyond a reasonable doubt, we declined to preclude the state from introducing relevant evidence merely because there was other very substantial evidence of the defendant's guilt, so long as the proffered evidence was not unfairly prejudicial. We also pointed out a possible flaw in the defendant's argument:

> Moreover, we note that the rationale of Nichols' "proportionality" analysis arguably applies to lighten the *prejudice* side of the scale, as well as the probative value side, in the Rule 403 balancing test. One could reasonably conclude that the greater the quantum of other evidence of the defendant's guilt, the less the defendant is

prejudiced by one more bit of incriminating testimony.

*Id.* at 656, 862 P.2d at 348.

■ In the instant case, we find no error in the admission of the sawed-off shotgun. Although the weapon's relevance was limited, it had some marginal probative value. We cannot conclude that the shotgun was so inherently inflammatory in the context of this case that it would unfairly prejudice the jury, the result which Rule 403 is designed to prevent. *Id.* Therefore, we find there was no abuse of discretion in the trial court's determination that the shotgun's probative value was not outweighed by its prejudicial impact.

The judgment of conviction is affirmed.

WALTERS, C.J., and PERRY, J., concur.