168 P.3d 1029

**STATE of Idaho, Plaintiff–Respondent,**

v.

**James T. RAUCH, Defendant–Appellant.**

No. 31993.

Court of Appeals of Idaho.

Oct. 1, 2007.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Chief Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent.

## AMENDED OPINION

**THE COURT'S PRIOR OPINION ERRONEOUSLY DATED JUNE 26, 2007, IS HEREBY WITHDRAWN.**

PERRY, Chief Judge.

James T. Rauch appeals from his judgment of conviction for two counts of battery on a peace officer, one count of aggravated battery on a peace officer, and one count of removing a firearm from a law enforcement officer. Specifically, Rauch claims the district court erred when it refused to limit the scope of potential cross-examination in the event Rauch chose to testify. For the reasons set forth below, we affirm.

### I.

### FACTS AND PROCEDURE

On August 11, 2004, two Idaho Falls police officers responded to a suspicious vehicle reported by a citizen. When the first officer arrived, he found two occupants in the vehi-

cle and received a license from the driver. The passenger, later determined to be Rauch, provided someone else's name and birth date, but the information could not be verified to allow the officer to determine the passenger's identity. The citizen had reported that the two occupants of the vehicle were arguing loudly. Because the driver had a civil protection order in place to shield her from domestic violence, the officer ordered Rauch out of the vehicle and attempted to detain him while his identity could be determined.

Rauch ran from the scene. According to later trial testimony, as the first officer pursued him, Rauch stopped to punch the officer in the face. The second officer joined the scuffle, taking Rauch to the ground. During the fight, Rauch bit the second officer on the arm and squeezed his scrotum. Rauch removed the second officer's gun from its holster and shot that officer in his little finger while the three men continued the scuffle on the ground. Eventually, a third officer arrived and Rauch was subdued. The state charged Rauch with battery on a peace officer, I.C. §§ 18–903, and 18–915(d), for punching the first officer in the face; battery on a peace officer, I.C. §§ 18–903, and 18–915(d), for biting the second officer; removing a firearm from a law enforcement officer, I.C. § 18–915A; and aggravated battery on a peace officer, I.C. §§ 18–903, 18–907(1)(a) & (b), and 18–915(b), for shooting the second officer in the finger.

At trial, a jailer testified that he heard Rauch tell another prisoner that Rauch was the one who shot the cop. Through a motion in limine, Rauch requested that the district court make a preliminary ruling regarding the scope of cross-examination if Rauch chose to testify. Specifically, Rauch asked whether the district court would limit the state's scope of cross-examination to questions regarding the alleged statement overheard by the jailer and not allow questions about the fight itself if Rauch chose to testify and refute the jailer's claim that he admitted to shooting the officer. In addition to refuting the jailer's claim that Rauch admitted to being the shooter, he also wanted to testify that he heard the jailer say that the jailer was unsure of who actually said he had shot the officer and that the jailer said he was only going to testify against Rauch for overtime pay. This testimony was to be offered in support of Rauch's defense that an officer accidentally pulled the trigger. The district court refused to limit the potential scope of cross-examination to exclude questions about the fight itself. Rauch then chose not to testify on his own behalf. Rauch was subsequently found guilty by the jury of all counts and now appeals.

## II.

## ANALYSIS

■ Rauch challenges the district court's ruling that, if he chose to testify to refute the allegations of the jailer, the state would be allowed to cross-examine him about the events of the fight itself. Rauch claims that the decision regarding the scope of cross-examination improperly burdened his right to testify on his own behalf in violation of the Fifth Amendment, his Sixth Amendment rights to compulsory process and to personally present a defense, and his Fourteenth Amendment right to due process. The state responds that Rauch failed to preserve the issue for appellate review because he did not testify nor make a sufficient offer of proof. Further, the state contends that the district court's ruling was not erroneous and, if so, any error must be deemed harmless.

■ In order to preserve an evidentiary ruling for appellate review, the party assigning error to the ruling must make a sufficient record from which an appellate court can adequately determine whether there was error, and whether the rights of the party have been prejudiced. *State v. Schoonover,* 125 Idaho 953, 954, 877 P.2d 924, 925 (Ct.App. 1994). A sufficient record for appellate review can be established either by the witness taking the stand and testifying as to what he or she would have said if the court had ruled the other way on the evidence or by giving an adequate offer of proof. *See generally State v. Cherry,* 139 Idaho 579, 582, 83 P.3d 123, 126 (Ct.App.2003) (holding that an offer of proof is sufficient to preserve an evidentiary issue for appeal where a trial court has

ruled to allow impeachment using evidence allegedly obtained in violation of constitutional rights). The requirement that the witness must take the stand or submit an adequate offer of proof is necessary so that the appellate court sitting in review has the context to determine if the trial court in fact committed error, and so the appellate court is not handicapped in making a determination as to whether the error was harmless. *State v. Garza*, 109 Idaho 40, 45, 704 P.2d 944, 949 (Ct.App.1985). In this case, Rauch chose not to take the stand and testify. Instead, Rauch's attorney made an offer of proof of the general contents of Rauch's testimony.

Specifically, Rauch's attorney asked the district court:

[I]f Mr. Rauch takes the stand to dispute [the jailer's] statement, that he said, I'm the one that shot the mother F'er cop. And then a second statement where the jailer states to him—I don't know who made that statement—I'm just going to testify for the overtime. The question would be, whether the Court would limit the State's cross-examination to the scope of my direct just on that issue or whether the Court would let the State explore, further, other areas not included.

We need not address the adequacy of Rauch's offer of proof because Rauch has not demonstrated error in the ultimate ruling by the district court refusing to limit the scope of cross-examination.

■ The control of cross-examination is committed to the sound discretion of the trial judge. *State v. Pierce*, 107 Idaho 96, 104, 685 P.2d 837, 845 (Ct.App.1984). A decision to admit or deny evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of

reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

■ Idaho Rule of Evidence 611(b) provides:

Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.

The appropriate scope of cross-examination includes not only the facts testified to on direct examination, but other facts connected with those facts, directly or indirectly, tending to explain, modify, or qualify the inferences resulting from the direct examination. *State v. Starry*, 96 Idaho 148, 150, 525 P.2d 343, 345 (1974).

■ Where a defendant voluntarily testifies on his or her own behalf, the defendant waives the constitutional privilege against self-incrimination with respect to questions related to the subject matter of his or her testimony. *State v. Hocker*, 115 Idaho 544, 548, 768 P.2d 807, 811 (Ct.App.1989). Furthermore, by testifying the defendant makes his or her credibility subject to attack on cross-examination with respect to matters that relate to the substantive issues. *Id.* In *Hocker*, the defendant was charged with possession of a controlled substance with intent to deliver. Hocker testified on direct examination that he had recently purchased the marijuana found at his residence at a bar from an unknown person and that the marijuana was intended for his personal use. Hocker was then extensively cross-examined regarding his knowledge of values of different amounts of marijuana, the type of materials used for handling and packaging marijuana, and his personal knowledge of the items admitted into evidence that were seized from his residence. Hocker objected on the grounds that this testimony was beyond the scope of the limited direct examination. The district court overruled his objection, and Hocker appealed, arguing that the district court had abused its discretion in not restricting the scope of cross-examination. On appeal, we upheld the district court's decision. This Court determined that ques-

tions relating to values, materials associated with, and delivery techniques of marijuana were permissible because they went to Hocker's credibility by exposing his knowledge of such things to the jury. Therefore, we concluded that the district court had not abused its discretion in refusing to limit the scope of cross-examination of Hocker in that case.

In this case, Rauch's defense was that he did not remove the officer's weapon and that an officer accidentally pulled the trigger during the struggle. Rauch requested that, if he chose to take the stand to refute the statement by the jailer and to offer an improper motive as to why the jailer testified against him, the district court limit the scope of cross-examination to only those statements. The inference to be drawn from Rauch's testifying that he did not make the statement about shooting the officer was that he did not, in fact, shoot the officer. Therefore, as in *Starry*, here the district court did not abuse its discretion in holding that the state could rebut the inference that would follow from Rauch's direct testimony. In addition, the district court did not abuse its discretion by concluding that it would allow cross-examination into the underlying events of the fight itself because the state should be permitted to attack Rauch's credibility. As in *Hocker*, the state here properly could have attacked

Rauch's credibility on the issue of whether he admitted to shooting the police officer by getting into the events of the fight itself. Therefore, we conclude that the district court properly refused to limit the scope of cross-examination should Rauch choose to testify.

## IV.

## CONCLUSION

Even if Rauch's offer of proof is deemed adequate, the district court did not abuse its discretion in refusing to limit the scope of cross-examination. Therefore, Rauch's judgment of conviction for two counts of battery on a peace officer, one count of aggravated battery on a peace officer, and one count of removing a firearm from a law enforcement officer is affirmed.

Judge LANSING and Judge GUTIERREZ concur.