**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35844**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2010 Opinion No. 61** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: September 1, 2010** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| DAVID W. BRUMMETT, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Judgment of conviction for burglary and petit theft, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

David W. Brummett appeals from his judgment of conviction for burglary and petit theft. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In 2007, loss prevention officers at various Shopko retail stores in the Treasure Valley became aware of an individual who had stolen electronic merchandise by using a knife to cut the products from their packaging. The individual, later identified as Brummett, would then wander to other parts of the store to dispose of the packaging while hiding the merchandise in his clothing. The stores first became aware of Brummett after empty packaging was discovered at two Shopko stores in Boise and Meridian. After reviewing surveillance tapes from the two stores on March 11, loss prevention officers observed that the thefts were both perpetrated by Brummett. Warning was given to all the local Shopko stores along with Brummett's description.

1

Despite the warning, additional electronics were stolen from a Shopko located in Nampa. After reviewing the surveillance tapes from June 5, loss prevention officers observed that this theft was also perpetrated by Brummett while wearing the same clothing as during the previous thefts.

On June 17, employees at the Shopko store in Nampa observed Brummett wandering in the electronics department. Store employees remained close to him until he left without further incident. However, store management called the Meridian Shopko to alert them that Brummett might attempt another theft. Soon thereafter, loss prevention officers from the Meridian Shopko observed Brummett enter the store and wander in the electronics section looking around nervously as he had done on previous occasions. Brummett cut the packaging on some electronic products and then wandered through the electronics section. He soon returned to the cut packaging and removed the products and hid them on his person along with items taken from the electronics clearance section. Brummett then left the store after walking through another section of the store. Police officers arrested Brummett as he left the store. After searching Brummett, officers discovered the stolen merchandise as well as a small pocketknife. Brummett admitted that the items belonged to Shopko and had not been purchased.

Brummett was charged with burglary, I.C. § 18-1401; petit theft, I.C. §§ 18-2403(1) and 18-2407(2); and being a persistent violator, I.C. § 19-2514. Prior to trial, the state filed a notice of intent to use I.R.E. 404(b) evidence of Brummett's prior thefts at other Shopko stores. Brummett filed a motion in limine to exclude any mention of his prior uncharged misconduct. The district court held, among other things, that the evidence was relevant and admissible to show Brummett's intent to commit the theft upon entering the store on the day in question. At trial, evidence was presented from several loss prevention officers from the Shopko stores who testified to the past thefts committed by Brummett as well as the most recent theft which led to his current charges. Brummett testified that he went to the store to look for a fuse and did not intend to steal anything until he was already inside. He claimed that he had a credit card as well as eight dollars in cash[1] and that he first went to the Nampa Shopko, but they did not have the product he was looking for. Brummett admitted that he had previously shoplifted at the Meridian Shopko, but denied shoplifting at the Nampa location. Brummett was found guilty by a jury of burglary and petit theft. The district court then found that Brummett was a persistent

---

[1] When Brummett was arrested, he had two dollars in cash and no credit cards.

violator. The district court sentenced Brummett to a unified term of fifteen years, with a minimum period of confinement of five years, for burglary and being a persistent violator and a concurrent term of 365 days for petit theft. Brummett appeals.

## II.

## ANALYSIS

### A.     Evidence of Prior Thefts

Brummett first argues that the district court erred by admitting evidence of his prior uncharged misconduct concerning thefts from other area Shopko stores. Idaho Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

*See also State v. Needs*, 99 Idaho 883, 892, 591 P.2d 130, 139 (1979); *State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). In determining the admissibility of evidence of prior bad acts, the Supreme Court has utilized a two-tiered analysis. The first tier involves a two-part inquiry: (1) whether there is sufficient evidence to establish the prior bad acts as fact; and (2) whether the prior bad acts are relevant to a material disputed issue concerning the crime charged, other than propensity. *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009). We will treat the trial court's factual determination that a prior bad act has been established by sufficient evidence as we do all factual findings by a trial court. We defer to a trial court's factual findings if supported by substantial and competent evidence in the record. *State v. Porter*, 130 Idaho 772, 789, 948 P.2d 127, 144 (1997). Whether evidence is relevant is an issue of law. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993).

Therefore, when considering admission of evidence of prior bad acts, we exercise free review of the trial court's relevancy determination. *Id.* The second tier in the analysis is the determination of whether the probative value of the evidence is substantially outweighed by unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188. When reviewing this tier we use an abuse of discretion standard. *Id.* When a trial court's discretionary decision is reviewed on

appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Burglary is defined as entry into a store with intent to commit any theft or any felony. *See* I.C. § 18-1401. The district court admitted the evidence of Brummett's prior thefts from other area Shopko stores because, among other reasons, it was probative of Brummett's intent to commit the theft upon entering the store on the day in question. Brummett contends that the district court erred because the only theory under which his prior thefts could demonstrate his intent to steal on the day in question was based on the disfavored implication of his criminal propensity. Brummett cites to cases from other jurisdictions that purport to hold that such evidence is not admissible unless the implication of a defendant's propensity is absent the analysis. Brummett's argument is not persuasive.

Rule 404(b) articulates certain exceptions to the prohibition against the admission of evidence of other crimes, wrongs, or acts as evidence of a person's character. The rule provides that evidence of other crimes "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." This Court has previously held that intent is not always sufficiently at issue in a specific intent crime so as to justify the admission of prior bad acts evidence. *State v. Roach*, 109 Idaho 973, 974-75, 712 P.2d 674, 675-76 (Ct. App. 1985) ("Further, if we were to conclude that intent is always at issue in a trial for a charged specific intent crime, then other crime evidence would always be admissible, subject, of course, to the balancing process. We do not believe the intent exception goes that far."). In *Roach*, this Court held that intent was not sufficiently at issue because the defendant, who was charged with lewd conduct with a minor, contended that he did not commit the act in question. The defendant did not contend that he committed the act with innocent intent.

In this case, however, Brummett's intent to commit a theft upon his entry into the store was squarely at issue. As summarized by defense counsel during closing argument:

> Obviously, there's a lot here that we're not disputing. The video is clear; he did take the items. He's not disputing a lot of this stuff. I--I don't--I don't

want you to think that--that--which county this was in, or all these elements are up for dispute, because that's not the case.

What is--what is disputed is the intent element of the first count, the burglary, because Mr. Brummett is before you here today, and he came in to say today that he did not go into the store with the intent to steal these items.

And when I ask you to apply your common sense with what you've seen and what you've heard, I want you to look at the video. You looked at the video, you saw the video of the day in question, which really is the only day in question, June 17th. It's about that day. Did he have the intent on that day?

You saw the video of that day. It was pretty long, it was about 25 minutes. And judge for yourself, how did he seem to you? Does he seem like a person who knows what he's doing or does he seem like a person who is acting off of the impulses, as he looks around and bounces around from aisle to aisle?

Therefore, *Roach* can be distinguished from this case. Brummett was charged with the specific intent crime of burglary. The state had the burden of proving that Brummett intended to steal when he entered the store. Brummett put the question of his intent upon entering the store squarely at issue. The Rule 404(b) evidence was relevant to a material disputed issue concerning the crime charged, other than propensity.

Next, we consider Brummett's argument that the evidence was, nonetheless, inadmissible because it could not show his intent without making the implied conclusion that, because he stole before, he was guilty of the crime in this case. However, the logical inference to be drawn by the intent evidence is not that, because Brummett committed the act before, he committed it in this case. Rather, the inference is that, because Brummett has committed the act with the requisite criminal intent on previous occasions, it is less likely that he entered the store with innocent intent on the present occasion. According to one prominent treatise:

> The theory upon which evidence of other crimes is admissible on [the intent issue] under Rule 404(b) is that its use on the mental element of the offense does not require an inference as to the character of the accused or as to his conduct. For instance, when an accused charged with attempted burglary claims that he had mistaken the home of another for his own, evidence that he tried to force his way into two other houses while making lascivious remarks to the occupants tends to show a somewhat different state of mind. As [2 Wigmore, Evidence, 3d ed. 1940 § 300] explains, the evidence of intent can be offered on the theory of probabilities. We can accept the defense that an accused car thief had a good faith belief that he had permission to take an automobile on one occasion but when the evidence shows that he has made similar "mistakes" before, our doubts grow. *It is the improbability of these fortuities rather than any inference as to the character of the accused that supports the belief in guilt.*

5

22 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 5242 (1978) (footnotes omitted) (emphasis added).[2] Thus, because Brummett admitted to the act of theft and because burglary is a specific intent crime and Brummett's intent was squarely at issue, the evidence of his prior thefts from other area Shopko stores was relevant.

Brummett next contends that the district court erred by finding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). Brummett claims that the evidence relied on the disfavored implication of his criminal propensity. Thus, he argues, it had little probative value compared with the prejudicial effect of portraying him as a common thief to the jury. We have concluded that using prior bad acts evidence to show Brummett's intent, when intent was squarely at issue, does not rely on the implication of his criminal propensity. Rather, in this case, the sole material issue in dispute regarding the burglary charge was whether Brummett intended to steal the merchandise at the time he entered the store. The admissible evidence of his various thefts and attempted thefts from other area Shopko stores was highly probative of his criminal intent on the day in question. Furthermore, in light of Brummett's admission that he attempted to illegally take the items from the store, we find little risk that the evidence of his prior misconduct would be unduly prejudicial. Therefore, we cannot conclude that the district court abused its discretion by finding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

**B. Scope of Cross-Examination**

Brummett argues that the district court erred by allowing the prosecutor to cross-examine him on matters that were outside the scope of direct examination. The control of cross-examination is committed to the sound discretion of the trial judge. *State v. Rauch*, 144 Idaho 682, 685, 168 P.3d 1029, 1032 (Ct. App. 2007). A decision to admit or deny evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *State v. Smith,* 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990).

Idaho Rule of Evidence 611(b) provides:

---

[2]    For further discussion, see the 2010 supplement (specifically footnote 11.6) for countervailing considerations.

Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.

The appropriate scope of cross-examination includes not only the facts testified to on direct examination, but other facts connected with those facts, directly or indirectly, tending to explain, modify, or qualify the inferences resulting from the direct examination. *State v. Starry,* 96 Idaho 148, 150, 525 P.2d 343, 345 (1974).

Where a defendant voluntarily testifies on his or her own behalf, the defendant waives the constitutional privilege against self-incrimination with respect to questions related to the subject matter of his or her testimony. *State v. Hocker,* 115 Idaho 544, 548, 768 P.2d 807, 811 (Ct. App. 1989). Furthermore, by testifying the defendant makes his or her credibility subject to attack on cross-examination with respect to matters that relate to the substantive issues. *Id.* In *Hocker,* the defendant was charged with possession of a controlled substance with intent to deliver. Hocker testified on direct examination that he had recently purchased the marijuana found at his residence at a bar from an unknown person and that the marijuana was intended for his personal use. Hocker was then extensively cross-examined regarding his knowledge of values of different amounts of marijuana, the type of materials used for handling and packaging marijuana, and his personal knowledge of the items admitted into evidence that were seized from his residence. Hocker objected on the grounds that this testimony was beyond the scope of the limited direct examination. The district court overruled his objection, and Hocker appealed, arguing that the district court had abused its discretion in not restricting the scope of cross-examination. On appeal, we upheld the district court's decision. This Court determined that questions relating to values, materials associated with, and delivery techniques of marijuana were permissible because they went to Hocker's credibility by exposing his knowledge of such things to the jury. Therefore, we concluded that the district court had not abused its discretion in refusing to limit the scope of cross-examination of Hocker in that case.

In this case, Brummett testified that he entered the store to look for a fuse and did not form the intent to steal the electronics merchandise until he was already inside. Brummett's intent upon entering the store was the only material, disputed issue at trial related to the burglary charge. On cross-examination, the prosecutor challenged Brummett's intent by asking him to

explain why he wandered in the electronics section of another Shopko in Nampa earlier in the morning of his theft from the Meridian location. The prosecutor also questioned Brummett concerning the videotape of prior thefts from other area Shopko stores in which Brummett was seen stealing electronic equipment in the same manner as the instant case. Brummett contends that these matters were all outside the scope of his direct examination which related only to matters that took place at the Meridian Shopko on the date of the burglary. He further argues that the district court observed that the prosecutor's questioning exceeded the scope of direct examination but erred by exercising its broad discretion to allow cross-examination that was outside the scope of direct examination.

The prosecutor's cross-examination did not exceed the scope of Brummett's direct examination. The issue of Brummett's intent was a subject of his direct examination. The prosecutor's cross-examination served both to question Brummett's credibility on this issue in light of his prior misconduct as well as to introduce other facts that both directly and indirectly tended to explain, modify, or qualify the inferences resulting from Brummett's testimony that he did not enter the store with the requisite criminal intent. Both of these purposes were properly served by the prosecutor's cross-examination and were within the scope of Brummett's direct examination. Accordingly, the district court did not abuse its discretion by allowing this line of questioning.

## III.
## CONCLUSION

Evidence of Brummett's prior misconduct was admissible to show his intent on the day of the burglary. The probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Therefore, the district court did not err by admitting the evidence that Brummett had stolen, or attempted to steal, from other Shopko locations in the past. The prosecutor's cross-examination of Brummett regarding his prior misconduct did not exceed the scope of direct examination. Therefore, the district court did not abuse its discretion by allowing that line of questioning. Accordingly, Brummett's judgment of conviction for burglary and petit theft is affirmed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**