**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36641**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 302 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 3, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOSE DEJESUS VELES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction and unified sentences of twenty years, with five years fixed, on each sentence, to be served concurrently, on six counts of trafficking in cocaine and order denying I.C.R. 35 motion to reduce sentences, affirmed.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

WALTERS, Judge Pro Tem

Jose DeJesus Veles appeals from the judgment of conviction and concurrent unified sentences of twenty years, with five years fixed, imposed by the district court after a jury found Veles guilty of six counts of trafficking in cocaine. I.C. § 37-2732B(a)(2). He raises three issues on this appeal. First, he contends that during his trial the district court abused its discretion by permitting the State to engage in cross-examination that was outside the scope of his testimony on direct examination. Next, he asserts that the district court abused its discretion when it sentenced Veles to concurrent terms of twenty years, with five years fixed. Finally, he submits that the district court abused its discretion when it denied Veles' motion under Idaho Criminal Rule 35 to reduce his sentences. We hold that, although the district court abused its discretion with respect to the first issue, the error was harmless. We also hold that the district court did not

1

abuse its sentencing discretion or its discretion with regard to denying Veles' motion to reduce his sentences. Consequently, we affirm the judgment of conviction, the sentences imposed, and the order denying Veles' motion to reduce his sentences.

## I.

## BACKGROUND

The State charged Veles by indictment with six counts of trafficking in cocaine for his role in providing cocaine to his cousin, Avelos, which was later sold by the cousin to a confidential informant on six separate occasions over a five-week period. Each of the transactions involved 28 or more grams of cocaine. In each of the controlled deliveries, after the confidential informant made a call to Avelos and ordered the cocaine, Avelos either traveled to Veles' residence and returned and then delivered the cocaine to the confidential informant or Veles traveled from his residence to Avelos' residence and thereafter the cocaine was delivered by Avelos to the confidential informant. Following the last delivery, Veles was arrested and pre-recorded buy money from the transactions was found in his possession. According to the investigating officers, Veles admitted to the officers that he was the one who provided the cocaine to his cousin for each of the sales, and he disclosed to the officers some of the financial particulars of the transactions. At trial, Veles testified that he did not make the incriminating statements to the officers. On cross-examination, the State asked Veles about his background, including where he previously had lived and when he came to Idaho. When defense counsel objected on the ground that the State was attempting to elicit information beyond the scope of direct examination, the district court overruled the objection but, as the cross-examination progressed, the district court sustained a second objection asserted by Veles' counsel. Following the verdict of guilty on each of the counts, the district court sentenced Veles to twenty years on each count, with five years fixed as the minimum period of confinement, and ordered the sentences to be served concurrently. Veles timely filed a motion under Idaho Criminal Rule 35 to reconsider and reduce his sentences, which the district court denied. This appeal followed.

## II.

## STANDARDS OF REVIEW

Each of the issues raised by Veles is reviewed as a challenge to the exercise of discretion by the district court. *See, e.g., State v. Rauch*, 144 Idaho 682, 685, 168 P.3d 1029, 1032 (Ct. App. 2007) (proper scope of cross-examination and whether to admit or deny evidence); *State v.*

2

*Marsh*, 141 Idaho 862, 869, 119 P.3d 637, 644 (Ct. App. 2004) (sentence review); *State v. Goodlett*, 139 Idaho 262, 266, 77 P.3d 487, 491 (Ct. App. 2003) (review of the denial of a motion under Rule 35 to reduce a sentence). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## DISCUSSION

### A. Cross-Examination

During the State's case-in-chief, one of the investigating officers testified that Veles had admitted to the officer that he was the one who provided cocaine to his cousin, who in turn sold the substance to a confidential informant. The officer testified that Veles told him how much Veles had paid for the cocaine, that he said he had given money to his mother from the cocaine sales, and that he had only one customer--a friend. Veles took the stand on his own behalf and denied that he had made any of these statements to the officer. On cross-examination, the State asked Veles about his work background and if he had used more than one name in his employment history, which Veles confirmed. The prosecutor then asked Veles how long he had lived in the United States. Veles' defense counsel objected on the ground that this question was outside of the scope of the direct examination. The district court overruled that objection and permitted Veles to answer. Veles' answer was that he had lived in the United States for eight years. The prosecutor then proceeded to solicit information from Veles that he had previously lived in Colorado and Mexico. When the prosecutor asked Veles when he had moved to Idaho, defense counsel again objected, stating "Judge I – I have to object. This is outside the scope--I'm not sure why it's relevant." The district court sustained that objection, noting that "I've let you [the prosecutor] get into this a little bit, but I don't think there's any purpose in going farther with it."

Veles asserts on appeal that the district court abused its discretion in allowing the State to question Veles beyond the scope of the direct examination by asking Veles about his residency in the United States. He argues that the prosecutor's questioning sought to elicit information

regarding Veles' nationality and residency status in the United States which was wholly irrelevant and was not related to anything on the direct examination. He cites cases from other jurisdictions for the proposition that questioning a defendant regarding his or her nationality, ethnicity, or immigration status carries with it an inherent and high degree of potential for unfair prejudice.

Veles' arguments, however, go far beyond what actually happened during the trial. Veles was never asked about his nationality or his immigration status. The fact that Veles used a Spanish language interpreter during the trial reasonably could lead the jury to conclude that Veles was not a native-born American national.

The only question that was asked, objected to, and the objection overruled by the district court was: "How long have you lived here, in the United States?" The sole ground asserted as a basis for the objection was that the question was outside of the scope of the direct examination. In fact, Veles' immigration status had been alluded to by Veles himself, without objection, when the State inquired as to Veles' use of aliases in obtaining employment based upon documents found by the State during a search of Veles' residence with a warrant. Veles testified, without objection, that he had to use another name for employment purposes because he did not have "papers" in his own name to enable him to be lawfully employed.

Nevertheless we conclude that the district court erred in overruling the objection that the State was trying to elicit information which was outside the scope of the direct examination of Veles when the prosecutor asked Veles how long he had lived in the United States. Where a defendant takes the witness stand on his own behalf, he waives his constitutional privilege against self-incrimination with respect to questions related to the subject matter of his testimony, and his credibility is subject to attack on cross-examination with respect to matters relating to the substantive issues. *State v. Hocker*, 115 Idaho 544, 548, 768 P.2d 807, 811 (Ct. App. 1989). Idaho Rule of Evidence 611(b) provides: "Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." This Court has explained that the "appropriate scope of cross-examination includes not only the facts testified to on direct examination, but other facts connected with those facts, directly or indirectly, tending to explain, modify, or qualify the inferences resulting from the direct examination." *Rauch*, 144 Idaho at 685, 168 P.3d at 1032.

The State does not contend on appeal that the inquiry about how long Veles had lived in the United States was within the subject matter of Veles' direct examination by his counsel or that it had any impeachment value or was intended to produce any other information that may have had a bearing on Veles' credibility. Accordingly, we hold that the district court abused its discretion in overruling the defense objection to the State's inquiry about how long Veles had lived in the United States.

Our inquiry does not end here, however. When a criminal trial has been tainted by the erroneous admission of evidence, a conviction will nonetheless be affirmed if the appellate court concludes, beyond a reasonable doubt, that there is no reasonable possibility that the error contributed to the conviction. *State v. Cross,* 132 Idaho 667, 670, 978 P.2d 227, 230 (1999); *State v. Roy,* 127 Idaho 228, 231, 899 P.2d 441, 444 (1995); *State v. Eby,* 136 Idaho 534, 539, 37 P.3d 625, 630 (Ct. App. 2001); *State v. Hawkins,* 131 Idaho 396, 407, 958 P.2d 22, 33 (Ct. App. 1998). In view of the evidence produced by the State at the trial, including Veles' admissions to the law enforcement personnel as it related to his involvement in the crimes charged and the buy money found in his possession, we hold that, beyond a reasonable doubt, there is no reasonable possibility that the question concerning how long Veles' had lived in the United States contributed to the conviction.

## B. Sentence Review

Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Where a sentence is within the statutory limits, it will not be disturbed on appeal absent an abuse of the sentencing court's discretion. *Hedger*, 115 Idaho at 604, 768 P.2d at 1337. We will not conclude on review that the sentencing court abused its discretion unless the sentence is unreasonable under the facts of the case. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). In evaluating the reasonableness of a sentence, we consider the nature of the offense and the character of the offender, applying our well-established standards of review. *See State v. Hernandez,* 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *Toohill,*

5

103 Idaho at 568, 650 P.2d at 710. We treat the minimum term specified by the sentencing judge as the probable duration of confinement. *Sanchez*, 115 Idaho at 777, 769 P.2d at 1149.

The maximum sentence for each of the crimes for which Veles was convicted is life imprisonment. I.C. §§ 37-2732(a)(1)(A); 37-2707(b)(5). The sentences could have been ordered to be served consecutively rather than concurrently. Thus the twenty-year, concurrent sentences ordered by the district court are well within the maximum possible sentences that could have been imposed. In crafting the sentences for Veles, the district court reviewed the presentence report prepared for Veles' case and the police reports. The court noted that Veles had engaged in frequent deliveries of large amounts of cocaine. The court concluded that the number of transactions and amount of money involved was a strong indicator that Veles was in the business of dealing in cocaine. The court determined that, because Veles appeared to be in the business of dealing in cocaine, deterrence was a legitimate consideration not only for him, but for "others in his environment who could be affected by a deterrent sentence."

We are not persuaded that the district court abused its sentencing discretion by imposing excessive sentences. Under the circumstances shown, the sentences imposed by the district court are reasonable.

## C. Rule 35 Issue

Veles asserts that the district court's denial of his motion for a reduction of his sentences was an abuse of discretion and that the case should be remanded for further proceedings. We disagree.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73.

6

We have concluded above that the district court did not abuse its discretion in imposing Veles' sentences in the first instance, and Veles presented no new information with his Rule 35 motion that would alter that conclusion. Therefore, we hold that the district court properly denied the Rule 35 motion to reduce Veles' sentences.

## IV.

## CONCLUSION

Although the district court abused its discretion by overruling Veles' objection to the inquiry about how long he had lived in the United States, the error was harmless beyond a reasonable doubt and there is no reasonable possibility that the question concerning how long Veles had lived in the United States contributed to the conviction. The district court did not abuse its discretion in imposing the sentences, nor in denying Veles' motion under I.C.R. 35 to reduce his sentences. The judgment of conviction and sentences, and the order denying Veles' Rule 35 motion, are affirmed.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**