701 P.2d 291

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Boyd Franklyn MAYLETT, Defendant-Appellant.**

**No. 15675.**

Court of Appeals of Idaho.

May 29, 1985.

---

Alan E. Trimming, Ada County Public Defender, August H. Cahill, Jr., Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Elaine D. Hanson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Boyd Franklyn Maylett was found guilty by a jury of sexual abuse of a child under the age of sixteen years, I.C. § 18–1506, a felony. A judgment of conviction was entered and Maylett appeals. We affirm.

The prosecution's Information alleged that Maylett solicited a thirteen-year old girl "to participate in a sexual act, by masturbating himself in front of the child and causing the child to take her clothes off in the same room with himself while he was nude, with the intent to gratify the sexual desire of himself." On appeal, Maylett raises two issues. First, he contends the district court erred by refusing to grant Maylett's motion to dismiss the charge. Second, he asserts the district court erred in allowing the state to present testimony to the jury regarding a series of other incidents of conduct by Maylett similar to the acts for which Maylett was on trial. We will examine these issues in turn.

I

Maylett was bound over for trial in district court following a preliminary examination before a magistrate. In district court, Maylett moved to dismiss the charge, contending the evidence presented to the magistrate was not sufficient to establish probable cause. I.C.R. 5.1(b). The district court denied Maylett's motion. Continuing to challenge the sufficiency of the preliminary examination evidence, Maylett requests appellate review of the district court's ruling.

Our review of such an issue is limited in scope. When a defendant has been convicted following a fair trial, we will not examine, on appeal, the sufficiency of the evidence presented at a preliminary examination upon which a magistrate determined there was probable cause to bind the defendant-appellant over to district court for trial. *See State v. Mitchell*, 104 Idaho 493, 660 P.2d 1336, *cert. denied*, 461 U.S. 934, 103 S.Ct. 2101, 77 L.Ed.2d 308 (1983); *State v. Pierce*, 107 Idaho 96, 685 P.2d 837 (Ct.App.1984). With the exception of the question next discussed in this opinion, Maylett has not raised any issue to suggest that he did not receive a fair trial. Because we hold against Maylett on the following question, we find that Maylett was convicted after a fair trial. Therefore, we decline to examine the sufficiency of the evidence presented at Maylett's preliminary examination.

II

The second issue raised by Maylett concerns admission of testimony of prior, uncharged sexual contacts between Maylett and the victim and between Maylett and the victim's twin sister. The two girls were Maylett's stepdaughters; all three lived together in the same household. The district court denied Maylett's motion to exclude the girls' testimony concerning other acts. However, the court did restrict the testimony to a one-year period preceding the alleged date of the incident with which Maylett was charged. Additionally, the trial court admonished the jury with a

limiting instruction concerning the use of such evidence.[1] At the close of the evidence the court further instructed the jury regarding evidence admitted for a limited purpose.[2]

The victim was allowed to testify to seven incidents which were similar to the charge against Maylett; the victim's sister was allowed to testify to three incidents concerning sexual advances made by Maylett toward her.[3] Upon an offer of proof by the state in advance of presentation of the testimony to the jury, the trial court considered the relevancy of the proffered testimony and whether its probative value would be outweighed by prejudice to the defendant. The court concluded the evidence—if limited to the immediately preceding one-year period—was relevant to show a common scheme and plan, motive, intent, lustful disposition and opportunity to commit the crime charged "in a family situation." In so ruling, the trial court relied upon our recent decisions in *State v. Greensweig*, 102 Idaho 794, 641 P.2d 340 (Ct.App.1982) and *State v. Boothe*, 103 Idaho 187, 646 P.2d 429 (Ct.App.1982).

We believe the trial court properly concluded that the proffered testimony was relevant as probative of Maylett's intent to use the victim to gratify his sexual desires. The court also properly limited the proof of prior acts to a period not too remote in time. Finally, the court articulated its balancing rationale in considering whether the probative value of the evidence might be substantially outweighed by the danger of unfair prejudice to the defendant. We hold the trial court did not abuse its discretion in admitting the testimony of prior sexual conduct between Maylett and the victim and between Maylett and the victim's sister.

The judgment of conviction is affirmed.

SWANSTROM, J., concurs.

BURNETT, Judge, specially concurring.

I join in upholding the trial judge's decision to admit evidence of prior, uncharged sexual conduct. But I do so upon the narrow ground that such evidence was relevant to show a common scheme or plan. The testimony by the victim and her sister disclosed a series of sexual encounters in which the circumstances and conduct were strikingly parallel to those portrayed in evidence of the crime charged. I am not persuaded that the other proffered bases for admitting the evidence—intent and the

1. "Members of the jury. Evidence may be introduced for the purpose of showing that the defendant has engaged in prior similar conduct or activity other than that for which he is on trial. Such evidence, if believed, is not to be received and may not be considered by you to prove that he is a person of bad character or that he has a disposition to commit crimes.

   Such evidence may be received and may be considered by you only for the limited purpose of determining, if it tends to show, one, a characteristic method, plan or scheme in the commission of criminal acts similar to the method, plan or scheme used in the commission of the offense in this case, which would further tend to show the existence of the intent, which is a necessary element of the crime charged; or two, a clear connection between the offense and the one of which defendant is accused so that it may be logically concluded that if defendant committed the offenses, he also committed the crime charged in this case; or three, the absence of mistake or accident.

   For the limited purpose for which you may consider such evidence, you must weigh it in the same manner you do all other evidence in the case. You are not permitted to consider such evidence for any other purpose."

2. "In certain instances evidence may be admitted only for a particular purpose and not generally. When you have been instructed during the course of this trial that certain evidence was admitted only for a particular purpose, then you may consider it only for that limited purpose, giving it such weight for that purpose as you think it is entitled.

   Your attention was called to these matters when the evidence was admitted."

3. The victim testified that on these occasions she would undress at his request "because I was afraid of him." She said "he tried to kiss me and touch my private spots." She related that he masturbated and ejaculated in front of her on several occasions.

   The sister testified that on three occasions Maylett "put his hand down my shirt and pants and tried to kiss me and tried to put my hand on his penis."

   Each girl testified that the incidents occurred while she was alone with Maylett.

absence of accident or mistake—were substantially at issue during the trial. Maylett denied committing the acts charged; he did not contend—indeed, he could not logically have contended—that he committed the acts with innocent intent, by accident or by mistake.

Having made a threshold determination of relevancy, the district judge properly weighed the probative value of the evidence against the likelihood of unfair prejudice. This balancing process is committed to the sound discretion of the trial court. Here, the judge gave sound reasons on the record for ascribing greater weight to the probative value. I agree with my colleagues that no abuse of discretion has been shown.

The limited scope of the trial judge's discretion deserves further comment. The State's brief suggests that trial court discretion is not limited to the balancing decision but encompasses the relevancy determination and embraces any other ruling on an evidentiary question. In short, the State's position appears to be that rulings on evidence are discretionary in general and that appellate review is limited to looking for an abuse of discretion. The State's position draws superficial support from a much-quoted passage in *State v. Terry*, 98 Idaho 285, 561 P.2d 1318 (1977). There, our Supreme Court, speaking per curiam, said, "A trial court has broad discretion in the admission of evidence at trial. Its judgment will only be reversed when there has been a clear abuse of discretion." This simplistic statement has been repeated in subsequent decisions including, I must concede, some issued by the Court of Appeals. *See, e.g., State v. Greensweig*, 102 Idaho 794, 641 P.2d 340 (Ct.App.1982). But I think it is time to arrest the growth of this vague, discretion-based approach to evidentiary questions.

The law of evidence is structured by rules, forged by centuries of experience and continually tested against evolving notions of fairness and truth-seeking. Our Supreme Court recently has adopted a detailed and painstakingly drafted formulation of such rules. *See* Idaho Rules of Evidence (effective July 1, 1985). These rules are not mere precatory guides to discretion; they are standards controlling the outcome of evidentiary questions. A trial judge possesses no "discretionary" authority to alter or to disregard specific standards—particularly in criminal trials, where these standards impart real meaning to an accused's right to a fair trial.

Discretion is properly exercised only when a rule of evidence calls for it. Thus, as illustrated by the present case, if—but only if—evidence of uncharged crimes is relevant to a permissible purpose, such as establishing a common scheme or plan, then the trial judge may exercise discretion in balancing the probative value against the likelihood of unfair prejudice. Today's opinion correctly defines this limited scope of discretion. It does not succumb to a facile characterization of all evidentiary issues as mere questions of discretion.