712 P.2d 674
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Dave ROACH, Defendant-Appellant.**

**No. 15698.**

Court of Appeals of Idaho.

Dec. 12, 1985.

Margaret (Peggy) McMahon of Fuller & McMahon of Caldwell for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Dave Roach was convicted of lewd and lascivious conduct with a minor child. He appeals, claiming that the admission of certain testimony unfairly prejudiced the jury against him. We affirm.

The evidence showed that the victim, age fourteen, attended a school for children with learning disabilities, that Roach befriended him and that a sexual relationship developed between them. Roach also became acquainted with the victim's mother and a relationship developed between them as well. The victim testified to his ongoing relationship with Roach up to the time of the charged offense. He testified that on the evening of the crime Roach came to the victim's house. The victim, his mother and Roach sat talking in the kitchen. Roach proposed an arrangement whereby Roach would live with the victim and his mother, and that nobody would have to know what went on in the house between Roach, the victim and the mother. Roach then forced the mother to commit fellatio on him.

Roach continued to pursue his arrangement idea and the mother realized the relationship that had developed between Roach and her son. Later the same day, Roach and the victim went fishing. Roach took the boy to a house in the country where the two of them engaged in sodomy and fellatio. When he returned home, the victim told his mother what had occurred. The victim and his mother then informed the police and Roach was arrested on a charge of lewd conduct with a minor. At the trial, the mother also testified to the events that took place in her kitchen.

Roach objected to the testimony concerning the prior uncharged acts between himself and the victim, and the misconduct with the mother. Before the trial began the judge determined that the testimony would be admissible under the intent, and common scheme or plan exceptions to the general rule excluding evidence of other crimes or bad acts. On appeal, Roach raises the single issue of whether it was error to admit evidence of sexual misconduct with the victim's mother. He argues that the incident in the kitchen does not fall into either the intent or common scheme exceptions, and further that admission of this evidence was highly prejudicial and constitutes reversible error.

In Idaho, both before and after the adoption of the new rules of evidence, evidence of other crimes or bad acts is inadmissible to show that due to a criminal propensity the accused is likely to have committed the charged crime. However, this type of evidence can be admitted if relevant to prove: (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, (5) the identity of the person charged with the commission of the crime on trial, and (6) other similar issues. *State v. Abel,* 104 Idaho 865, 664 P.2d 772 (1983); *State v. Needs,* 99 Idaho 883, 591 P.2d 130 (1979); *State v. Stoddard,* 105 Idaho 533, 670 P.2d 1318 (Ct.App.1983). *See also* I.R.E. 404.

The decision to admit evidence of other crimes involves a two-tiered analysis. First, as with all evidence, the proof must be relevant to a material issue concerning the crime charged. *State v. Carlson,* 108 Idaho 859, 702 P.2d 897 (Ct.App.1985); *State v. Stoddard, supra; State v. Greensweig,* 102 Idaho 794, 641 P.2d 340 (Ct.App. 1982). Second, and only if the evidence is deemed relevant, it must be determined whether the probative value of the evidence is outweighed by the unfair prejudice to the defendant. *State v. Carlson, supra; State v. Stoddard, supra.* This balancing is left to the discretion of the trial judge and will be disturbed only if the discretion is abused. *State v. Abel, supra; State v. Carlson, supra.*

We will address first the intent exception. Roach argues that intent was not at issue, and therefore evidence of other crimes introduced to prove his intent was simply not relevant. The state points out that lewd and lascivious conduct is a specific intent crime requiring the prosecution to prove intent beyond a reasonable doubt. We agree that intent must be at issue before evidence of other crimes is relevant. *See State v. Matthews,* 108 Idaho 482, 700 P.2d 104 (Ct.App.1985). We do not believe that intent is always sufficiently at issue in the prosecution of a specific intent crime to allow admission of other crimes evidence.

In *State v. Stoddard, supra,* we recognized the principle that the intent needed to convict can be manifested by the circumstances attending the act. Stoddard was tried for stealing a car. The state presented evidence of a previous car theft by Stoddard to show his intent. We stated that "[t]here was ample evidence from which Stoddard's criminal intent could have been determined, without the necessity of introducing highly prejudicial evidence that he had been charged with stealing another car a week earlier." *Stoddard,* 105 Idaho at 538, 670 P.2d at 1323. The state distinguishes *Stoddard* on the ground that grand larceny is a general intent crime, but lewd and lascivious conduct is a specific intent crime. We do not agree that the

grand larceny statute involved in *Stoddard* is a general intent crime. *See State v. Irwin,* 98 Idaho 736, 572 P.2d 170 (1977). Further, if we were to conclude that intent is always at issue in a trial for a charged specific intent crime, then other crime evidence would always be admissible, subject, of course, to the balancing process. We do not believe the intent exception goes that far.

██ It is not always easy to determine when intent is an issue. *State v. Proud,* 74 Idaho 429, 262 P.2d 1016 (1953). In the present case, applying the specific intent label does not help the analysis. As in *Stoddard,* we believe the intent is adequately shown by proof of the act. Roach's defense was that he did not commit the act. He does not, as well he could not, contend that he committed the act with innocent intent. *See State v. Maylett,* 108 Idaho 671, 701 P.2d 291 (Ct.App.1985) (Burnett, J., specially concurring). The trial judge impliedly recognized this when refusing to give lesser included offense instructions to the jury. The judge stated that "it's a question of whether they believe the evidence. Not a question of what—what it constitutes. If they believe it, that's what it is [i.e., lewd and lascivious conduct]. . . ." Roach never contended that he committed the acts but with innocent intent or mental defect, nor did he have an alibi defense. We do not believe that intent was sufficiently at issue to allow the questioned evidence as probative of intent.

We recognize that in many sex crime cases other acts with the victim or third persons have been admitted on the issue of intent. *State v. Maylett, supra; State v. Boothe,* 103 Idaho 187, 646 P.2d 429 (Ct. App.1982); *State v. Greensweig, supra.* Prior acts with the victim, though not at issue here, are relevant because they tend to negate any claims of accident or innocent intent. Cases allowing evidence of acts committed on third parties also are probative to negate innocent intent or accident. These cases involve third party victims having the same status as the victim of the charged offense.[1] It must be remembered that the intent sought to be proved by the forced act with the mother is the intent to engage in lewd conduct with a fourteen-year old boy. Before testimony of prior acts is admissible in sex crime cases, "the prior acts must not be too remote in time and there must be some logical connection between the fact sought to be proved and the evidence of prior sexual misconduct." *State v. Boothe,* 103 Idaho at 190, 646 P.2d at 432. The victim in this case was of limited mental capacity. If the evidence showed that the act with the mother in the boy's presence was an attempt by Roach to coerce and control the boy, then it could be relevant to intent. However, the victim testified to the ongoing nature of the sexual relations between himself and Roach. This relationship was consensual. Consent, of course, is not a defense to the crime, but it does, in this case, eliminate the value of the other crime evidence on the issue of Roach's intent. Accordingly, we hold it was error to admit Roach's misconduct with the mother on the issue of intent.

██ The second ground for admission of the evidence was the common plan or scheme exception. The scope of this exception is not well defined and it tends to overlap the intent and identity exceptions. The Idaho cases formulate the exception as allowing other crime evidence to prove a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to prove the other. *State v. Needs, supra.* Articulated in this manner, the act with the mother does not fit into this exception. Proof of the forced fellatio with the mother

---

1. *State v. Dowell,* 47 Idaho 457, 276 P. 39 (1929) (evidence of intercourse with another young girl in statutory rape prosecution); *State v. Maylett, supra,* (evidence of uncharged sexual acts between defendant and victim's twin sister in prosecution for sexual abuse of a child under sixteen years of age); *State v. Boothe, supra,* (victim's sister); *State v. Greensweig, supra,* (evidence of assault with intent to rape involving three young girls other than victim in prosecution for lewd conduct with a minor).

earlier in the evening does not have any tendency to prove the lewd conduct with the son. Roach had befriended the victim and they had been together previously. There is nothing to suggest that maternal permission to go fishing with Roach would have been withheld but for the act with the mother, nor is the act an integral part of a broader scheme to engage in lewd behavior. As with intent, the fact that these events occurred on the same evening, does not by itself lend support to the commission of the charged crime when considered with the ongoing nature of the illicit relationship. It does tend to support the testimony concerning Roach's plan to invade the household and satisfy his sexual desires under the cloak of in-home privacy, but proving this scheme does not tend to prove the charged offense.

The common plan or scheme exception has sub-parts. In *People v. Tassell*, 36 Cal.3d 77, 201 Cal.Rptr. 567, 679 P.2d 1 (1984), the California Supreme Court identified other uses of the exception. One was a modus operandi use. This use, also frequently employed to identify the perpetrator of a crime, *see State v. Carlson, supra*, has no applicability here. It has also been used to allow evidence of prior sex with the victim to show a lewd disposition. *People v. Tassell, supra*, (discussing *People v. Ing*, 65 Cal.2d 603, 55 Cal.Rptr. 902, 422 P.2d 590 (1967)). This use overlaps with intent, and has been permitted in Idaho to show an overall plan of gratifying lust through an identifiable group of victims such as minor girls within a particular household. *State v. Boothe, supra; State v. Maylett, supra*, (Burnett, J., specially concurring); *State v. Martinez*, 109 Idaho 61, 704 P.2d 965 (Ct. App.1985) (testimony by friend of victim, who was visiting overnight, of forced sexual acts, to show scheme of sexual assaultive behavior on night of charged crime). This lewd disposition use carries the danger of becoming a vehicle for the admission of evidence related solely to the accused's propensity to commit such acts. Common scheme is rarely an ultimate fact, and care must be taken to ensure that the scheme proven with other crimes evidence is rele-

vant to an ultimate fact in a given case. *See People v. Covert*, 249 Cal.App.2d 81, 57 Cal.Rptr. 220 (1967), *rev'd on other grounds, People v. Thomas*, 20 Cal.3d 457, 143 Cal.Rptr. 215, 573 P.2d 433 (Cal.1978) (broad use of other sex crimes to corroborate victim's testimony disapproved).

Another common scheme or plan use of other crime evidence identified in *Tassell* is corroboration of the victim's testimony. Corroboration is no longer a requirement in sex crime prosecutions in Idaho and no longer enjoys the status of a separate exception, if it ever did. *State v. Byers*, 102 Idaho 159, 627 P.2d 788 (1981). *See State v. Boothe, supra*, (Burnett, J., specially concurring). However, corroboration by other crimes evidence is still a legitimate objective, but it must come in under one of the established exceptions.

Another exception is use of other crimes as incidental to the jury gaining an understanding to the complete story of the crime charged. *State v. Izatt*, 96 Idaho 667, 534 P.2d 1107 (1975). This use does not fall under the common scheme exception, but is an independent basis of admission when the uncharged crimes are so inseparably connected to the charged crime that a complete account of the charged crime cannot be given without also detailing the uncharged crime. This ground was not relied upon for admission of the other crimes evidence, and we do not believe that this case falls within the rule.

In sum, we do not believe that the sexual misdeed with the mother was relevant to prove the conduct committed with the son. Not being relevant, the evidence should have been excluded without reaching the balancing of probative value against unfair prejudicial effect. We turn next to whether reversible error occurred by admission of the evidence of Roach's activities with the mother.

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 667 P.2d 272 (Ct.App.1983). However, in *Stoddard* we held that even if the error is shown to be prejudicial

[a]n adjudication of guilt will not be reversed upon a showing of error "if the evidence of the defendant's guilt is satisfactory, that is, such as ordinarily produces moral certainty, or conviction in an unprejudiced mind, and the result would not have been different had the ... [error not occurred]." [Citations omitted.] *State v. Stoddard*, 105 Idaho at 171, 667 P.2d at 274. The traditional Idaho test for harmless error is "whether it appears from the record that the [events said to represent error] ... contributed to the verdict, leaving the appellate court with a reasonable doubt that the jury would have reached the same result had the event not occurred." *State v. Palin*, 106 Idaho 70, 75, 675 P.2d 49, 54 (Ct.App.1983).

■ The evidence against Roach consisted of the explicit testimony of the victim, both to the charged crime and the previous uncharged acts. The victim and his mother both testified to the conversation which disclosed Roach's involvement with the boy and his plan to move into the house. All of this testimony was uncontroverted. Roach did not testify. His defense was based on undermining the credibility of the victim and his mother. He argued that the victim was prone to suggestion and that the mother attempted revenge on Roach because she was a jilted lover. Ironically, the evidence Roach attempted to keep out concerning the mother lends some support to his argument that she harbored an improper motive to influence her son to make false accusations.

The evidence that was improperly admitted did not weaken Roach's defense by bolstering the witnesses' credibility. We hold the other evidence, standing alone, was sufficient for the jury to convict Roach, and sufficient to produce moral certainty and belief in an unprejudiced mind that the result would have been the same without the other crime evidence. Accordingly, we affirm the judgment of conviction.

WALTERS, C.J., and McFADDEN, J. Pro Tem., concur.