IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40834

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 798 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 3, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| FREDERICK ALLEN HILEMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of conviction for three counts of lewd conduct with a minor under sixteen and two counts of sexual abuse of a child under the age of sixteen, underlined.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Frederick Allen Hileman appeals from his judgment of conviction upon jury verdicts finding him guilty of three counts of lewd conduct with a minor under sixteen and two counts of sexual abuse of a child under the age of sixteen. Specifically, he contends the district court improperly allowed the State to introduce Idaho Rule of Evidence 404(b) evidence against him. For the reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE

Hileman was indicted by a grand jury on three counts of lewd conduct with a minor under sixteen, Idaho Code § 18-1508, and two counts of sexual abuse of a child under the age of sixteen, I.C. § 18-1506. There were five alleged female victims: three were related to Hileman's ex-wife, one babysat for Hileman's children, and one was a family friend. Four of the charges

alleged inappropriate touching, while the remaining alleged Hileman made a comment of a sexual nature via text message.

Prior to trial, the State filed a notice of intent to introduce I.R.E. 404(b) evidence, including various statements Hileman made to law enforcement regarding his sexual attraction to young girls. Following a hearing, the district court determined the statements were admissible as relevant to intent. The evidence came in at trial through the testimony of a detective who had questioned Hileman:

> [Hileman] mentioned that he didn't trust his judgment, that for some time he had done his best to keep his distance from girls. . . . [W]hen it was clarified about potentially having issues with women, he clarified and said, no, girls.

> When I asked what kind of scenarios, he talked about wrestling, that he had had thoughts about possibly grabbing breasts because that was an issue for him but, because of that, he keep[s] his distance and tries to stay out of those scenarios.

The jury found Hileman guilty as charged. He now appeals.

## II.

## ANALYSIS

Hileman contends the district court erred by admitting the disputed evidence in violation of Rule 404(b) because its probative value is "entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior." He also contends the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

Idaho Rule of Evidence 404(b) prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009); *State v. Whitaker*, 152 Idaho 945, 948, 277 P.3d 392, 395 (Ct. App. 2012). Of course, evidence of a prior crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *Whitaker*, 152 Idaho at 948, 277 P.3d at 395.

We need not determine whether this evidence was properly admitted pursuant to Rule 404(b), however, because even assuming it was error to admit the evidence, such error was harmless given the overwhelming amount of other evidence presented at trial regarding

Hileman's guilt.[1]  The Idaho Criminal Rules provide that any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.  I.C.R. 52.  The inquiry is whether, beyond a reasonable doubt, a rational jury would have convicted the defendant even without the admission of the challenged evidence.  *Chapman v. California*, 386 U.S. 18, 24 (1967); *State v. Johnson*, 148 Idaho 664, 669, 227 P.3d 918, 923 (2010).  To show an error is harmless, the State must prove "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained."  *State v. Perry*, 150 Idaho 209, 221, 245 P.3d 961, 973 (2010) (quoting *Chapman*, 386 U.S. at 24).  Interpreting *Chapman*, the Supreme Court of the United States has explained:

> To say that an error did not "contribute" to the ensuing verdict is not, of course, to say that the jury was totally unaware of that feature of the trial later held to have been erroneous. . . . To say that an error did not contribute to the verdict is, rather, to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.

*Yates v. Evatt*, 500 U.S. 391, 403 (1991), *overruled in part on other grounds by Estelle v. McGuire*, 502 U.S. 62, 72 n.4 (1991).  Thus, an appellate court's inquiry is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error.  *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993); *State v. Joy*, 155 Idaho 1, 11, 304 P.3d 276, 286 (2013).

Here, all five victims testified at trial regarding the alleged instances of abuse against them, all of which, in large part, matched Hileman's own descriptions of the incidents in the video recordings of his interrogations by law enforcement.  The jury was shown several of these

---

[1]     We note that although the district court admitted the evidence as being relevant to intent, there is a question as to whether intent was even at issue in the case because Hileman's defense at trial was that he did not commit the acts in question, not that he committed the acts with innocent intent.  *See State v. Roach*, 109 Idaho 973, 974-75, 712 P.2d 674, 675-76 (Ct. App. 1985).  Under such circumstances, intent may not be sufficiently at issue so as to justify the admission of prior act evidence for the purpose of proving intent.  *See State v. Parmer*, 147 Idaho 210, 219-20, 207 P.3d 186, 195-96 (Ct. App. 2009); *Roach*, 109 Idaho at 974-75, 712 P.2d at 675-76.

On the other hand, as the State points out, there is an argument as to whether the evidence in question constitutes evidence of "crimes, wrongs, or acts" such that it falls within the purview of Idaho Rule of Evidence 404(b) in the first place or whether it is merely evidence of a defendant's inappropriate thoughts which are not covered by the rule.  As we dispose of the case on other grounds, however, we need not reach these issues.

video recordings wherein Hileman described in detail his sexual touching of four of the victims and admitted to engaging in the text exchange with the remaining victim. In one of the recordings, Hileman disclosed the names of two of the victims, who had otherwise been unknown to law enforcement until that point. The jury also considered a document Hileman submitted to the police detailing his sexual history, including specific instances of inappropriate touching of four of the victims. Further, the mother of one of the victim testified at trial that Hileman called her and admitted to inappropriately touching her daughter, and a victim's aunt testified that when Hileman was being investigated for allegedly sexually touching the victim, Hileman sent the aunt a text apologizing and promising to "do what [he could] to make it right[.]"

The extent of Hileman's defense was to argue that he admitted to law enforcement things that he did not do as a result of pressure from the officers, his lack of sophistication, and his desire to cooperate with the authorities. He also pointed to some inconsistencies in several of the victims' testimonies. In rebuttal, however, the State pointed out that the videos show no coercive circumstances or techniques on the part of law enforcement; that Hileman was told repeatedly that he could leave; and that when faced with the general allegations regarding three of the victims, it was Hileman who voluntarily provided details of the incidents and the names of two additional victims that had been previously unknown to the officers.

In the face of this overwhelming evidence of Hileman's guilt--much of it in his own spoken and written words in the face of little to no evidence of police coercion--we are convinced beyond a reasonable doubt that the even if admission of Hileman's statements regarding his inappropriate thoughts was erroneous, the evidence did not contribute to the verdict obtained and thus the alleged error was harmless. Given Hileman's own repeated and detailed descriptions of his actual sexual conduct, the victims' testimony, and his actions in contacting victims' family members during the course of the investigation, his descriptions of his inappropriate thoughts was of very little import. Hileman's judgment of conviction for three counts of lewd conduct with a minor under sixteen and two counts of sexual abuse of a child under the age of sixteen is affirmed.

Judge LANSING and Judge GRATTON, **CONCUR**.